UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOOL-PLAS SYSTEMS, INC.,

    Plaintiff/Counter-Defendant,

vs.

CAMACO, LLC,

    Defendant/Counter-Plaintiff.

Case No. 09-12003

Hon. Patrick J. Duggan

/

| | |
|---|---|
| Michael F. Wais (P45482) | John R. Trentacosta (P31856) |
| Stephen P. Dunn (P68711) | Gary E. Steinbauer (P69789) |
| Howard & Howard Attorneys PLC | Foley & Lardner LLP |
| 450 West Fourth Street | 500 Woodward Avenue, Suite 2700 |
| Royal Oak, MI 48067 | Detroit, MI 48226-3489 |
| 248.645.1483 | 313.234.7100 |
| *Attorneys for Plaintiff/Counter-Defendant* | *Attorneys for Defendant/Counter-Plaintiff* |

/

## STIPULATED PROTECTIVE ORDER

At a session of said Court, held in the City of
Detroit, State of Michigan, on July 25, 2009

PRESENT:  HON. PATRICK J. DUGAN
                  U.S. District Court Judge

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters the following Protective Order protecting the confidentiality of certain information disclosed by the parties during the course of these proceedings as more fully set forth herein:

    1.    This Protective Order shall govern the use of information which has been disclosed by the parties in this litigation and designated by the disclosing party as "Confidential" ("Confidential Information").

2.	For purposes of this Protective Order, Confidential Information shall mean information containing or relating to trade secrets, confidential or proprietary research, development, or commercial or business information.

3.	Confidential Information shall be designated as "Confidential" by a notation on the face of the document, or by any other written or recorded method reasonably designed to notify the other party that the information or document has been designated as Confidential Information and is subject to the terms of this Order.

4.	A party shall not be obligated to challenge the propriety of a designation under this paragraph at the time made, and the failure to do so shall not preclude a subsequent challenge thereto.  Any party may request in writing to the party who produced the designated material that the designation be modified or withdrawn.  If the designating party does not agree to re-designation within five (5) days of receipt of the written request, the requesting party may apply to the Court for relief.  Upon any such application to the Court for relief, the burden shall be on the designating party to show why its classification is proper.  Agreement of the parties to this Order shall not be construed as an agreement or admission by one party that any designation under Paragraph 3 by the other party is in any way proper or correct.

5.	Confidential Information may be used in depositions taken in this litigation. Confidential Information disclosed to any witness remains subject to the terms of this Order. Copies of any Confidential Information used in a deposition shall be retained by counsel for the parties except that one copy will be provided to the court reporter who shall attach the exhibits to the original transcript which will be provided to counsel of record.  Copies of Confidential Information used in the deposition shall not be left with the witness, unless the witness is a consulting or testifying expert who has first complied with Paragraph 10 of this Order.

6. All Confidential Information provided by any party to any other party, as well as all other documents produced in the course of this lawsuit, shall be used only for the purposes of the above-captioned lawsuit and for no other purpose whatsoever, nor may such information be disclosed to any other person except as provided herein.

7. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a memorandum of legal authority supporting the seal. See Local Rule 5.3. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

8. Whenever a motion to seal is filed, the movant shall submit a proposed order which states the particular reason the seal is required. The proposed order shall be submitted to the judge to whom the case is assigned or to the magistrate judge to whom the matter is referred, via the link located under the "Utilities" section of CM/ECF. If a motion to seal is granted, the documents to be filed under seal shall be delivered sealed to the Clerk of the Court in a 9 x 12 inch envelope, and shall not be available to public inspection. Envelopes used to seal such documents shall have the following information printed on its face: (a) the name of the court; (b) the title of the case; (c) the case number; (d) the name of the document; (e) the attorney's name, address, and the party he or she represents; and (f) the following language: "FILED UNDER

SEAL PURSUANT TO A PROTECTIVE ORDER." A copy of the Order authorizing filing under seal shall also be attached to the outside of the envelope.

9. Except as hereinafter provided, Confidential Information furnished to any party shall not be shown to, discussed with, or otherwise disclosed by the party receiving such material to any person or entity other than the following, and then only for the purposes of this litigation:

   a. The Court and any employees of the Court designated by the Court (including jurors), subject to the right of the producing party to object to such disclosure;

   b. Counsel for any party in this action, their legal associates, paralegal, clerical and other support staff or services;

   c. The parties and their employees;

   d. Witnesses in this lawsuit and authors and recipients of specific documents which have been designated Confidential Information, provided however, that no documents may be left in the custody and control of such witnesses; and

   e. Independent outside consultants and expert witnesses, and their staffs employed or retained by the party receiving such material or its counsel for the purpose of assisting such party and/or its attorneys in this litigation, provided that disclosure is made on the conditions specified in Paragraph 10, below.

10. Every individual designated in Paragraphs 9(d) or (e) above, to whom such Confidential Information is given, shown, or otherwise disclosed shall be required to sign an affidavit of confidentiality in the form as follows:

> "The undersigned has read the Protective Order between Tool-Plas Systems, Inc. and Camaco, LLC and dated July __, 2009, and agrees: (1) that s/he shall fully abide by the terms thereof; (2) that s/he shall not disclose the Confidential Information to or discuss the Confidential Information with any person who is not authorized pursuant to the terms of said Order to receive the disclosure thereof and who has not signed the affidavit of confidentiality as therein provided; and (3) that s/he shall not use such Confidential Information for any purpose other than for the purposes of this lawsuit."

11. The attorneys for the respective litigants shall maintain a file of affidavits executed by all such persons designated in Paragraphs 9(d) or (e). Such file of affidavits shall not be available to adverse litigants or their attorneys during the litigation except upon a showing of good cause made upon application to the Court. Upon termination of this litigation, whether by judgment, settlement or otherwise, those written agreements shall be made available to opposing counsel upon request.

12. The restrictions and obligations set forth herein relating to Confidential Information shall not apply to any information which: (i) is already public knowledge – i.e., demonstrably obtainable from public sources through legitimate means; (ii) becomes public knowledge other than as a result of disclosure by a receiving party; or (iii) has come or shall come into the receiving party's legitimate possession independently of the producing party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person regarding Confidential Information if said person already has or obtains legitimate possession thereof.

13. The inadvertent failure to designate information as "Confidential" in accordance with this Order shall not preclude designating information as "Confidential" at a later date.

14. The production or disclosure of any Confidential Information by the designating party shall not be construed to be a waiver, in whole or in part, of the designating party's claim of confidentiality.

15. If a party produces multiple identical copies of a document (but with different bates numbers) and one has not been designated as confidential, all identical copies shall be treated according to the most restrictive designation.

16. The inadvertent disclosure of any documents, information or testimony protected by the attorney-client privilege and/or work product doctrine shall not be construed to be a waiver, in whole or in part, of that party's claim to privilege; nor shall any discrete waiver of privilege constitute a general waiver of privilege or protection. Any documents or information inadvertently produced and all copies and records thereof shall be returned immediately to the producing or providing party.

17. All Confidential Information shall be returned to the attorney for the party producing or providing the same within 30 days after the conclusion of this lawsuit and no copies thereof shall be retained by any other person, including attorneys, and, if applicable, counsel shall certify to opposing counsel that any notes or transcriptions made from or concerning the Confidential Information have been destroyed.

18. The production or disclosure of confidential or proprietary information pursuant hereto shall not be deemed a waiver of a party's claim of confidentiality.

19. No action or the failure to take any action on the part of any party hereto and nothing contained herein shall be interpreted as a waiver of any claim, defense or objection by any party.

20. Neither the terms of this Order, nor any action taken in compliance with it, shall (a) operate as an admission by any of the parties that any particular document or information is, or is not, confidential, or (b) prejudice in any way the right of any of the parties to seek a Court determination of whether or not it should remain subject to the terms of this Order. Any of the parties may request that the Court modify or otherwise grant relief from any provision of this Order. Nothing in this Order shall operate as an admission by any party that any particular document is, or is not, admissible in evidence at the trial of this action.

21. In the event of any breach by any party of this Order, the parties hereto agree that the aggrieved party shall be entitled to equitable relief.

22. The failure of any party or non-party to insist in any one or more instances upon performance of any terms or conditions of this Protective Order shall not be construed as a waiver of future performance of any term, covenant or condition and the obligations of the parties or non-parties with respect thereto shall continue in full force and effect.

23. This Protective Order shall be governed and construed in accordance with the laws of the State of Michigan.

24. This Protective Order may be executed by the parties in counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

25. This Protective Order shall be binding upon any future parties to this litigation.

26. This Court shall retain jurisdiction in this case for the purpose of enforcing the provisions of this Protective Order.

                                          s/Patrick J. Duggan
                                          U.S. District Court Judge

Approved as to form and substance:

| /s/ Stephen P. Dunn (w/p GES) | /s/ Gary E. Steinbauer |
|---|---|
| Michael F. Wais (P45482) | John R. Trentacosta (P31856) |
| Stephen P. Dunn (P68711) | Gary E. Steinbauer (P69789) |
| Howard & Howard Attorneys PLC | Foley & Lardner LLP |
| 450 West Fourth Street | 500 Woodward Avenue, Suite 2700 |
| Royal Oak, MI 48067 | Detroit, MI 48226-3489 |
| 248.645.1483 | 313.234.7100 |
| *Attorneys for Plaintiff/Counter-Defendant* | *Attorneys for Defendant* |