UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOOL-PLAS SYSTEMS, INC.,

    Plaintiff / Counter-Defendant,

        vs                              Hon. Patrick J. Duggan
                                            Case No. 09-12003

CAMACO, L.L.C.

    Defendant / Counter-Plaintiff.                          /

Michael F. Wais (P45482)
Stephen Dunn (P68711)
HOWARD & HOWARD
Attorneys for Tool-Plas Systems, Inc.
450 W. Fourth St.
Royal Oak, MI 48067
248-645-1483
SDunn@howardandhoward.com

Gary E. Steinbauer (P69789)
FOLEY LARDNER
Attorneys for Camaco, L.L.C.
500 Woodward Ave., Suite 2700
Detroit, MI 48226
313-234-7100
gsteinbauer@foley.com

Tiffany A. Buckley-Norwood (P69807)
DICKINSON WRIGHT PLLC
Attorneys for Non-Party Ford Motor Company
500 Woodward Ave. Suite 4000
Detroit, MI 48226
313-223-3500
tbuckley@dickinsonwright.com

                                                                                                  /

**STIPULATION AND AGREED PROTECTIVE ORDER**
**GOVERNING DISCOVERY MATERIALS**

    Non-Party Ford Motor Company (hereinafter "Ford") Plaintiff/Counter-Defendant Tool-Plas Systems, Inc., and Defendant/Counter-Plaintiff Camaco, LLC   file this Stipulation and Agreed Protective Order ("Order") pursuant to the Federal Rules of Civil Procedure, to preserve the confidentiality of certain commercially sensitive, confidential and/or proprietary information that has been or will be requested and produced in discovery in this matter. The

parties agree that a protective order concerning discovery materials is necessary to protect the integrity of this information, the rights of each of the parties and the rights of certain third parties. It is therefore

ORDERED THAT:

1. Ford shall have the right to designate as confidential any documents, things and information produced in compliance with discovery requests made either Plaintiff or Defendant which Ford believes contains trade secrets, confidential research, development, commercial or financial information or any other proprietary or confidential business information.

2. All documents, things and information designated as confidential pursuant to paragraph 1 of this Order and all information obtained from any things or documents so designated ("PRODUCED PURSUANT TO PROTECTIVE ORDER") shall, subject to the provisions hereof, be used by Plaintiff's and Defendant's counsel only in connection with the litigation and appeal of this action. Material designated in this fashion shall not be used for any business, competitive or other purpose, and shall not be disclosed in any manner to any person or entity, except as provided herein.

3. All material PRODUCED PURSUANT TO PROTECTIVE ORDER shall be so designated by marking the legend as such at the time of its production. Inadvertent failure to designate a document as protected may be corrected by supplemental written notice given as soon as practicable. In the event that Plaintiff's or Defendant's counsel, receiving documents designated as PRODUCED PURSUANT TO PROTECTIVE ORDER, disagrees with such a designation as to one or more documents, either party's counsel shall have a right to seek an order from the Court, pursuant to noticed motion, voiding the designation in whole or in part. However, until such a time as a Court rules that a particular document or set of documents

designated as PRODUCED PURSUANT TO PROTECTIVE ORDER are not subject to protection, both parties' counsel agrees to continue to treat any such designated documents as protected under this Order.

4. Documents PRODUCED PURSUANT TO PROTECTIVE ORDER or provided in the course of this litigation and any information contained therein or derived therefrom shall be used solely for the purposes of preparing for trial and the trial and appeal of this action and for no other purposes whatsoever, and shall not be disclosed to any person or entity except in accordance with the terms of this Order.

5. Documents PRODUCED PURSUANT TO PROTECTIVE ORDER, and copies thereof, and the information contained therein, shall be made available to and inspected by:

(a) The parties, their officers, employees and agents who are assisting in prosecuting or defending this action;

(b) Counsel for the parties in this action, and their employees who are working on this litigation;

(c) Expert witnesses and consultants, and their employees, who are directly employed or retained in connection with this action by counsel for the parties, to the extent that such disclosure is necessary for the prosecution or defense of this case;

(d) Other witnesses or deponent and their counsel, during the course of or in preparation for deposition or testimony in this action as necessary for the prosecution or defense of this litigation; and

(e) The Court and court personnel.

6. Documents PRODUCED PURSUANT TO PROTECTIVE ORDER shall remain in the custody of Plaintiffs' and Defendant's counsel and their expert witnesses and shall not be provided to other persons, except as necessary to prepare for trial, the trial itself or appeal of this action pursuant to paragraph 4 above.

7. In the event that either party's counsel determines that the prosecution of this action requires that documents PRODUCED PURSUANT TO PROTECTIVE ORDER be disclosed to persons not otherwise authorized herein, Plaintiffs and/or Defendant's counsel shall provide Ford written notice by facsimile or hand delivery of the intended disclosure (which notice shall specify with particularity the documents PRODUCED PURSUANT TO PROTECTIVE ORDER to be disclosed and the identity of the otherwise unauthorized person). This written notice shall be given not less than ten (10) business days prior to intended disclosure, or such shorter period as is mutually agreeable to the parties in any particular case. If, within ten (10) business days after receipt of such notice, Ford objects in writing to such disclosure, the documents PRODUCED PURSUANT TO PROTECTIVE ORDER shall not be disclosed unless the Judge so orders.

8. In the event Plaintiff's or Defendant's counsel receives a subpoena or other formal demand from any source whether related to another cause of action, proceeding, investigation or otherwise, for the production or disclosure of any documents PRODUCED PURSUANT TO PROTECTIVE ORDER that are in such party's counsel's possession or control, Plaintiff's or Defendant's counsel shall provide to Ford written notice of such subpoena or demand at least fourteen (14) days prior to such party's required response to such subpoena or demand and shall not interfere with any action Ford may elect to take to protect the confidentiality of the documents PRODUCED PURSUANT TO PROTECTIVE ORDER. If,

however, a response by either party's counsel to such a subpoena or demand is required in less than fourteen (14) days, the counsel shall provide Ford with immediate notice in writing to provide it with as much time as possible to take action to protect the confidentiality of the documents PRODUCED PURSUANT TO PROTECTIVE ORDER and shall not interfere with any action Ford may elect to take to protect the confidentiality of the documents PRODUCED PURSUANT TO PROTECTIVE ORDER.

9. All documents PRODUCED PURSUANT TO PROTECTIVE ORDER and any papers containing information contained in or derived from such documents that are filed with the Judge shall be filed shall be filed in accordance with Local Rule 5.3 of the Rules of the United States District Court for the Eastern District of Michigan Southern Division.

10. In order to permit discovery to proceed without further delay, the Plaintiff's and Defendant's counsel and Ford agree that this Order shall be effective from the date on which it is executed by Plaintiff's counsel, Defendant's counsel, Ford; and shall apply and be enforceable from that date forward with respect to all discovery in this matter, including materials produced at any time after the commencement of this case.

11. Attendance at depositions taken in this action at which documents PRODUCED PURSUANT TO PROTECTIVE ORDER or any information contained therein or derived therefrom is identified, discussed or disclosed shall be limited to the extent necessary and to the deposition notary, the witness, counsel for the witness, counsel for the parties, agents for counsel of the parties and any representatives of the parties who have agreed in writing to be bound by the terms of this Order. If any such documents PRODUCED PURSUANT TO PROTECTIVE ORDER are to be used during the deposition in this action of any person who is not a Ford officer or employee, the deponent shall be required to acknowledge on the record that he is

aware of and agrees to be bound by the terms of this Order. That portion of the deposition transcript concerning any such documents PRODUCED PURSUANT TO PROTECTIVE ORDER subject to this paragraph shall not be disclosed to any person except as provided in this Order, and shall be bound separately by the Court Reporter and labeled "Confidential" The parties further agree that this Stipulation and Order shall apply in the same manner that it applies to documents, to all testimony (including depositions) relating to documents PRODUCED PURSUANT TO PROTECTIVE ORDER, and transcriptions thereof, given in this case.

12. Nothing in this order shall be construed to preclude Ford from seeking additional protection of those documents PRODUCED PURSUANT TO PROTECTIVE ORDER, or from otherwise seeking a modification of this Order.

13. If information, documents or other material subject to a claim of attorney-client privilege, work product, or any other ground upon which production of such information may be withheld from the Plaintiff or Defendant is nevertheless inadvertently produced by Ford to such party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or any other ground for withholding production to which Ford or other producing person would otherwise be entitled. If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of the Plaintiff or Defendant, such party shall promptly return to Ford that material as to which the claim of inadvertent production has been made (including all copies thereof) and make no use of such documents or other information for any purpose.

14. At the conclusion of this action, all documents PRODUCED PURSUANT TO PROTECTIVE ORDER, including all copies, extracts and summaries and all documents

containing information taken therefrom, shall be returned to Ford or destroyed no later than thirty (30) days after the unappealed or unappealable final judgment or settlement of this action.

    15.    In the event additional parties are added to this litigation, and to the extent that documents PRODUCED PURSUANT TO PROTECTIVE ORDER are to be disclosed to such party and such party's attorneys, each new party's counsel shall sign a duplicate original of this Order and send it to counsel for Ford and cause the same to be filed with the Court.

Dated this __15th__ day of ____October____, 2009.

          s/Patrick J. Duggan
          Patrick J. Duggan
          United States District Judge

Dated: October 15, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on , by electronic and/or ordinary mail.

          s/Marilyn Orem
          Case Manager

          _____
          U.S. District Court Judge

APPROVED BY:

By: /s/ Stephen P. Dunn
   Stephen Dunn (P68711)
   HOWARD & HOWARD
   Attorneys for Tool-Plas Systems, Inc.
   450 W. Fourth St.
   Royal Oak, MI 48067
   248-645-1483
   SDunn@howardandhoward.com

By: /s/ Tiffany A. Buckley-Norwood
     with permission
   Tiffany A. Buckley-Norwood (P69807)
   DICKINSON WRIGHT PLLC
   Attorneys for Non-Party
   Ford Motor Company
   500 Woodward Ave. Suite 4000
   Detroit, MI 48226
   313-223-3500

                tbuckley@dickinsonwright.com

By: /s/ Gary E. Steinbauer
      with permission
Gary E. Steinbauer (P69789)
FOLEY LARDNER
Attorneys for Camaco, L.L.C.
500 Woodward Ave., Suite 2700
Detroit, MI 48226
313-234-7100
gsteinbauer@foley.com