UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOOL-PLAS SYSTEMS, INC.,

     Plaintiff/Counter-Defendant,          Case No. 09-12003

v.                                              Honorable Patrick J. Duggan

CAMACO, LLC,

     Defendant/Counter-Plaintiff.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 31, 2010.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

On May 26, 2009, Tool-Plas Systems, Inc. ("TPS"), filed this lawsuit alleging, among other things, that Camaco, LLC ("Camaco"), breached a contract between the parties and owes TPS $138,796. On June 15, 2009, Camaco filed an answer with affirmative defenses to Plaintiff's complaint. At that time, Camaco also filed six counterclaims against TPS. Presently before the Court is a Motion to Substitute Proper Party filed by TPS on December 22, 2009. The motion has been fully briefed and, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the Court dispensed with oral argument on March 29, 2010. For the reasons set forth below, the Court grants TPS's motion.

**I. Factual and Procedural Background**

This case arises from an arrangement between the parties by which Camaco agreed to purchase three stamping dies produced by TPS. Camaco uses the dies to make seating components for Ford vehicles. On August 22, 2008, the parties entered into a written agreement requiring Camaco to pay TPS $668,510 for the three dies and providing that there would be "no set-offs or deductions other than those already identified" in a document attached to the agreement. (Compl. Ex. A.) Camaco ultimately paid TPS $529,714, leaving a balance on the contract of $138,796. TPS filed the present suit to recover that amount. Specifically, TPS's complaint alleges a breach of contract and conversion by Camaco. In addition to damages, TPS seeks judicial foreclosure, injunctive relief, and declaratory judgment.

Meanwhile, Camaco asserts that it was entitled to withhold $138,796 from TPS because one of the dies, the D1116 die, was delivered in a defective and deficient condition. Camaco alleges that it notified TPS of the deficiency but that TPS technicians could not make the necessary repairs. Camaco asserts that it paid another supplier, Uelner Precision Tools & Dies ("Uelner"), $138,796 to repair the die. Based on these allegations and other expenses allegedly incurred by Camaco during TPS's production of the D1116 die, Camaco responded to Plaintiff's complaint with an answer and several counterclaims. Specifically, Camaco alleges a breach of contract, breach of an express warranty, breach of an implied warranty of merchantability, breach of an implied warranty of fitness for a particular purpose, and unjust enrichment. Camaco seeks both damages and declaratory judgment. In November 2009, the Court granted Camaco leave

to amend its counterclaims to include additional damage claims that arose after its original filing.

In December 2009, TPS filed the present motion to substitute Toolplas Systems, Inc. ("NewCo") for itself as the real party in interest in this litigation. In September 2008, TPS entered receivership in the Canadian courts. As part of that proceeding, NewCo purchased TPS's assets and name. When plaintiff's counsel filed the present lawsuit in May 2009, he mistakenly filed it in the name of TPS rather than NewCo. TPS now alleges that NewCo is the real party in interest in terms of enforcing the August 22, 2008, settlement agreement and seeks to substitute NewCo as plaintiff. Camaco opposes the motion. Camaco instead requests that the Court add NewCo as an additional plaintiff and counter-defendant, grant Camaco leave to file and amended counterclaim naming both TPS and NewCo, and re-open discovery.

**II. Substitution of Parties**

Pursuant to the Federal Rules of Civil Procedure, every "action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "[T]he real party in interest is the person who is entitled to enforce the right asserted under the governing substantive law." *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 42-43 (6th Cir. 1994). Even so, "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). In deciding whether to allow a real

party in interest to substitute into an action for the named plaintiff, the Court considers whether there has been an honest mistake as opposed to tactical maneuvering, unreasonable delay, or undue prejudice to the non-moving party. *See Esposito v. United States*, 368 F.3d 1271, 1275-76 (10th Cir. 2004); *Jordan v. Fox, Rothschild, O'Brien, & Frankel*, 20 F.3d 1250, 1278 (3d Cir. 1994).

**A. Real Party in Interest**

Camaco first opposes TPS's motion on grounds that TPS presents insufficient evidence to establish that NewCo is, in fact, the real party in interest. Attached to TPS's motion is the Canadian court's order approving NewCo's purchase of TPS's "Assets as defined in the Offer." (TPS's Mot. Ex. B.) Camaco argues that, because "the Offer" is not included as an exhibit, it is unclear whether TPS's rights under the August 22, 2008, settlement agreement—the agreement TPS seeks to enforce in this lawsuit—transferred to NewCo as an asset. Furthermore, Camaco asserts that any purported transfer between TPS and NewCo may be barred by an anti-assignment clause contained in a contract between the parties. In response, TPS maintains that NewCo purchased *all* of TPS's assets and that there is no anti-assignment clause in the August 22, 2008, settlement agreement.

Having reviewed the relevant documents, the Court concludes that the record evidence sufficiently supports TPS's request for substitution. Despite Camaco's assertion to the contrary, the Court has been unable to locate an anti-assignment clause in the

4

settlement agreement.[1]  And while the Canadian court order does not use the term "all assets," the tenor of that order suggests that NewCo purchased all of TPS's assets.[2]  Furthermore, if NewCo did not purchase TPS's rights in the settlement agreement, TPS would only be prejudicing its own interests in seeking substitution of NewCo.  Under these facts, the Court is inclined to allow the substitution requested by TPS.

**B. Unreasonable Delay**

Next Camaco objects to TPS's delay in bringing the present motion.  Camaco notes that the Canadian court approved the asset sale to NewCo more than seven months before TPS filed this lawsuit and more than a year before TPS filed this motion.  Camaco maintains that, had TPS engaged in reasonably diligent investigation, the lawsuit would never have been filed in TPS's name in the first place.  Camaco also suggests that TPS's president may be personally liable for the mix up.  TPS admits that it made a mistake but claims it was an honest mistake and that it has gained no tactical advantage by filing in TPS's name.  In fact, TPS notes that the relevant statutes of limitations have yet to run and, if the case is dismissed for failure to name the real party in interest, NewCo will simply re-file.

---

[1] The Court expresses no opinion as to whether such a clause, if it existed, would be enforceable.

[2] TPS maintains that NewCo even purchased the "Tool-Plas Systems" name.  To that end, the Canadian court order changes TPS's name to "1732187 Ontario Inc."  (TPS's Mot. Ex. B.)  It appears to this Court, then, that some substitution must take place: this case must be prosecuted either in the name of NewCo or 1732187 Ontario Inc., as Tool-Plas Systems no longer exists as a separate legal entity.

The Court agrees with TPS that the delay in this case is insufficient to bar substitution. Case law suggests that, in deciding the present motion, the Court should focus on whether TPS's mistake was made honestly and absent tactical maneuvering. *See Esposito*, 368 F. 3d at 1275-76. While TPS likely could have discovered the discrepancy earlier and avoided the present dispute, that fact does not foreclose the possibility of substitution. The Court fails to detect any bad faith or tactical maneuvering on behalf of TPS or NewCo and believes that substitution is appropriate absent any undue prejudice to Camaco thereby.

**C. Undue Prejudice**

This brings the Court to Camaco's final argument: Camaco contends that it will be unduly prejudiced if TPS's motion is granted. Camaco's concerns appear to focus on two interrelated issues: (1) its counterclaims against TPS and (2) discovery. TPS's motion seeks substitution of NewCo as plaintiff only, not as the counter-defendant. TPS contends that NewCo is the real party in interest as to the claims in the complaint but that Camaco's counterclaims are properly asserted against TPS. Upon substitution, then, TPS asserts that Camaco's "counterclaims" would become "third-party claims." Camaco argues, however, that it may be able to assert its counterclaims against NewCo under the purported assignment of the settlement agreement. To determine its rights under the assignment, Camaco seeks additional time for discovery, which closed since TPS filed the present motion. Camaco also seeks leave to file amended counterclaims against both TPS and NewCo.

6

Ultimately, the Court concludes that NewCo should be substituted for TPS as the plaintiff in this action. At the same time, however, measures should be taken to prevent Camaco from being prejudiced by the substitution. The Court agrees that Camaco should have an opportunity to conduct discovery into the purported assignment and identity of NewCo. To this end, the Court will re-open discovery until May 31, 2010.

As to the counterclaims, the Court acknowledges that the sale of TPS's assets to NewCo is likely to necessitate the filing of an amended pleading by Camaco.[3] If, after conducting discovery, Camaco determines that such an amendment is necessary, Camaco shall file an appropriate motion for leave to amend with the Court. In light of these new scheduling orders, the parties shall have until July 1, 2010, to file dispositive motions.[4]

Accordingly,

**IT IS ORDERED** that TPS's motion to substitute NewCo (Toolplas Systems, Inc.) as plaintiff is **GRANTED**.

**IT IS FURTHER ORDERED** that discovery is re-opened until **MAY 31, 2010**.

**IT IS FURTHER ORDERED** that the parties shall file all dispositive motions on or before **JULY 1, 2010**.

---

[3]*See* footnote 2, *supra*.

[4]The Court acknowledges that TPS filed a motion for partial summary judgment on March 1, 2010. In light of the substitution, the Court will construe that motion as a motion for partial summary judgment by NewCo. The Court intends to decide that motion while the parties complete discovery unless the parties notify the Court by April 9, 2010, of a reason to hold the motion in abeyance.

<pre>
                              s/PATRICK J. DUGGAN
                              UNITED STATES DISTRICT JUDGE
</pre>

Copies to:
Michael O. Fawaz, Esq.
Stephen P. Dunn, Esq.
Adam J. Wienner, Esq.
Jason D. Menges, Esq.
John R. Trentacosta, Esq.